UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-397(DSD/JJK)
Civil No. 11-2321(DSD)

United States of America,

       Plaintiff,

v.                                              **ORDER**

Coby Levan Richardson,

       Defendant.

This matter is before the court upon the pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by defendant Coby Levan Richardson. Based upon a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On May 1, 2009, Richardson pleaded guilty to distribution of 50 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Richardson offered to assist the government, and the plea agreement stated that the government retained sole discretion to determine whether Richardson's cooperation amounted to substantial assistance. Sentencing was set for August 12, 2009.

Before sentencing, a dispute developed over the government's decision not to file a motion for a downward departure based on

substantial assistance. Richardson argued that the government breached the plea agreement and that he was entitled to a motion for a downward departure. Specifically, Richardson argued that he provided substantial assistance, because a different Assistant United States Attorney (AUSA) used his name on a witness list in an attempt to obtain a guilty plea from a defendant in another case. The other defendant did not plead guilty, and that case proceeded to trial. Richardson did not testify in that trial. As a result of the dispute, the court continued sentencing until August 19, 2009.

On August 19, 2009, defense counsel again argued that the government was acting improperly and asked for more time to investigate. The court granted the request and continued sentencing to August 26, 2009.

On August 26, 2009, defense counsel again advocated for a departure. When asked by the court if he had found a witness list containing Richardson's name, defense counsel said that he had not, but offered other evidence of the existence of the list and maintained that such a list existed. The court told defense counsel, "I think you've gone the last mile, to be honest about it. I think you've done a great job in representing Mr. Richardson." Tr. 11:11-13, Aug. 26, 2009. The court then determined that "Richardson has not made a substantial showing that the government's decision was based on an unconstitutional motive or

bad faith, and an evidentiary hearing ... is not warranted in this case." Tr. 23:4-8. Richardson received the mandatory-minimum sentence of ten years imprisonment.

Richardson appealed, arguing that the court erred by denying his motion to compel the government to move for a downward departure and by failing to conduct an evidentiary hearing. Richardson also argued that he received ineffective assistance of counsel, because his defense counsel "ignored his wishes to 'vigorously' argue against the disputed crack-powder cocaine ratio, failed to make an adequate record, and failed to preserve his right to a sentence based upon the then forthcoming changes to the crack-powder ratio." United States v. Richardson, 390 F. App'x 614, 616 (8th Cir. 2010) (per curiam). The Eighth Circuit affirmed, holding that Richardson did not show "clear evidence that the prosecutor's motive was improper." Id. at 616-17. The Court of Appeals declined to address the ineffective assistance claim. Id.

Richardson now moves for relief under 28 U.S.C. § 2255(a), arguing that he received ineffective assistance of counsel because: (1) his defense counsel failed to communicate with the government regarding his plea offer and motion for a departure; (2) his defense counsel failed to seek a sentence based on the Fair Sentencing Act of 2010 (FSA). Richardson also argues that he is entitled to benefit from a July 15, 2011, Department of Justice memorandum directing prosecutors to seek application of the FSA for

3

offenses committed before August 3, 2010, but sentenced after that date. The court directed the government to respond to the motion, and after several extensions, the government responded. On November 21, 2011, Richardson filed a reply to the government's response. The court now considers the motion.

## DISCUSSION

Section 2255 provides a person in federal custody a limited opportunity to challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court. See 28 U.S.C. § 2255; United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). Such collateral relief is an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the

record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

## I. Ineffective Assistance

To prevail on a § 2255 motion based on ineffective assistance of counsel, Richardson must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009). First, Richardson must show that his counsel's performance was so deficient that it was objectively unreasonable. See Strickland, 466 U.S. at 687. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of counsel with significant deference. Id. at 689. The court must view the reasonableness of assistance given "as of the time of counsel's conduct." Id. at 690.

Second, if Richardson shows that his counsel gave objectively unreasonable assistance, he must also demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

### A. Failure to Communicate with AUSA

Richardson first argues that his defense counsel rendered ineffective assistance, because he failed to communicate with the

5

AUSA regarding substantial assistance. The basis for Richardson's claim is that the court gave defense counsel "two weeks to come back with evidence" of substantial assistance, but that he "never called ... or communicated with" the AUSA handling his case during that time. Def.'s Mot. 5.

First, the record does not support Richardson's claim. See Tr. 4-5, Aug. 19, 2009. Moreover, defense counsel communicated with the AUSA who prosecuted the case in which Richardson attempted to assist, as well as the CJA panel attorney appointed to represent the other defendant, and a law clerk of the firm later retained to represent that defendant. The record shows that defense counsel communicated these efforts with the court. The court told defense counsel, "I think you've worked as hard as you can, but I just don't think you've uncovered enough to cause the Court to do anything as it relates to the Government's position as to assistance." Tr. 10:25-11:3, Aug. 26, 2009. In short, the record contradicts Richardson's claim that his defense counsel provided ineffective assistance when seeking to force the government to move for a downward departure.

Further, Richardson also shows no evidence from which the court could infer that the outcome would have changed had his defense counsel communicated differently with the AUSA. A

determination of whether the assistance offered by Richardson amounted to substantial assistance was always within the discretion of the government. Therefore, this claim fails.

**B.   Failure to Seek a Sentence Under the FSA**

Richardson next argues that his defense counsel rendered ineffective assistance, because he failed "to dispute the crack-powder ratio, failed to make an adequate record ... failed to preserve the right to sentence based upon the then[-]forthcoming changes to the crack-powder ratio" and failed to "move to continue the sentencing until the Congress changed the mandatory minimum sentence." Def.'s Mot. 6.

As an initial matter, the record contradicts Richardson's argument. Defense counsel advocated varying from the 100-to-1 ratio. See Def.'s Position with Respect to Sentencing 8, 11, 14. Moreover, the FSA was not law in August 2009, nor had the bill, which would later become the FSA, been introduced in the Senate. As a result, defense counsel's failure to seek a one-year continuance so that Richardson could be sentenced under a law that did not then exist is not ineffective assistance. Cf. Wajda v. United States, 64 F.3d 385, 388 (8th Cir. 1995) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law.").

Further, Richardson has not shown that the outcome would have been different but for defense counsel's failure to delay

sentencing for over a year. The Eighth Circuit has held that the FSA does not apply to crimes committed before August 3, 2010, but sentenced after that date. United States v. Sidney, 648 F.3d 904, 906 (8th Cir. 2011)  Therefore, denial of the motion is warranted.

## II. Department of Justice Policy

Lastly, Richardson argues that his sentence should be vacated or corrected to comply with a Department of Justice policy statement issued on July 15, 2011. According to Richardson, the July 15 memorandum directs prosecutors "to ask the courts to apply the FSA's lower penalties to people whose crimes were committed before August 3, 2010, but who have not yet been sentenced." Def.'s Mot. 8. First, the policy statement does not apply to Richardson because he was sentenced over a year before the memorandum was issued. Moreover, a policy statement by the Attorney General is entitled deference, but it does not bind the court as to retroactive application of the FSA. It is well settled that the FSA is not retroactive, and does not apply to cases sentenced before it became effective.[1]  See Sidney, 648 F.3d at 906

---

[1] Even if the court were not bound by Eighth Circuit precedent stating that the FSA does not apply to crimes committed before August 3, 2010, but sentenced after that date, see Sidney, 648 F.3d at 906, in the instant case both the crime and the sentence happened almost a year before the FSA became law.

8

(collecting cases). Therefore, Richardson is not entitled to relief under the FSA.[2]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [ECF No. 72] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 30, 2011

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court

---

[2] Amendments to the Guidelines effective November 1, 2011, make adjustments to the advisory Guidelines retroactive. In this case, however, the court sentenced Richardson to the statutory minimum. As a result, the Guidelines amendments are not grounds for relief.